**\*NOT FOR PUBLICATON\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROWE PLASTIC SURGERY OF LONG ISLAND, PC, <br><br> Plaintiff, <br><br> v. <br><br> DENISE SIRIBOE, <br><br> Defendant. | Civil Action No. 21-18368 <br><br> **JUDGMENT AND ORDER** |

**THIS MATTER** comes before the Court on a Motion for Default Judgment filed by Bennet Susser, Esq., counsel for Plaintiff Rowe Plastic Surgery of Long Island, PC ("Rowe" or "Plaintiff"); it appearing that Defendant Denise Siriboe ("Defendant") has not opposed the Motion; the Court having reviewed Plaintiff's Motion papers pursuant to Federal Rule of Civil Procedure 78, makes the following findings:

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.      On January 20, 2021, Plaintiff performed a bilateral breast reduction surgery for Defendant.  Compl. ¶¶ 7–8.

2.      Prior to the surgery, on January 11, 2021, Defendant signed and entered into a "Legal Assignment of Benefits & Designation of Authorized Representation" ("Assignment of Benefits").  *Id.* ¶ 9.  The Assignment of Benefits outlined Defendant's financial responsibility for all charges resulting from her surgery, which included an assignment of all medical benefits and/or insurance reimbursement for the surgery.  *Id*. Ex. A. The document stated, in part: "I understand

that I am financially responsible for all charges regardless of any applicable insurance or benefit payments." *Id.* ¶ 12.

3.      Following the surgery, on March 25, 2021, Plaintiff provided Defendant with an invoice for the procedure totaling $150,000.00.  *Id.* ¶ 13, Ex. B.

4.      Furthermore, on May 25, 2021, Defendant's healthcare provider, UnitedHealthcare Service LLC/The Empire Plan ("United Healthcare") sent Plaintiff "Provider Remittance Advice," which stated that the total "Amount Allowed" pursuant to her insurance policy was $22,500.00. Compl. ¶¶ 14-15, Ex. C.  Specifically, United Healthcare paid $11,296.00 for the right breast, after subtracting a coinsurance deduction of $2,824.00 and a deductible of $880.00 from the original $15,000.00 provided.  *Id.* ¶ 16.  United Healthcare paid $6,645.04 for the left breast, after subtracting a deductible of $854.96 from the original $7,500.00 provided. *Id.* ¶ 17.  In total, United Healthcare paid Defendant a total of $17,941.04.  *Id.* ¶¶ 18-19.  Pursuant to the Assignment of Benefits, Defendant was required to forward these payments to Plaintiff, however, Defendant failed to remit these funds, or any others, to Plaintiff as payment for her surgery.  *Id.* ¶ 22.

5.      Thereafter, on June 2, 2021, Plaintiff engaged Middle Country Collection Services, Inc., to collect Defendant's outstanding balance.  *Id.* ¶ 23, Ex. D.  Plaintiff's counsel also sent a demand letter to Defendant on July 16, 2021, which outlined Defendant's outstanding debt and informed Defendant on how to either dispute the amount owed, or pay the outstanding balance. *Id.* ¶ 24, Ex. E.  Receipt of this letter was confirmed by signed delivery on July 22, 2021; however, Defendant failed to respond.  *Id.*

6.      On October 11, 2021, Plaintiff commenced the above-captioned suit in this Court by filing a Complaint against Defendant, asserting claims for breach of contract (Count I), evidence of indebtedness (Count II), unjust enrichment (Count III), account stated (Count IV),

conversion (Count V), and defalcation (Count VI).  As to damages, Counts I-IV each request the outstanding invoice balance of $150,000, whereas Counts V and VI each request $17,941.04 in improperly retained insurance reimbursements.[1]  *Id*. ¶¶ 26-62.

7.      Defendant was served with Summons and the Complaint on October 17, 2021, and an Affidavit of Service was filed with the Court on October 20, 2021.  ECF No. 5.

8.      Defendant did not appear or file a timely answer to the Complaint.  ECF No. 6.

9.      On November 24, 2021, Plaintiff filed for an entry of default against Defendant, and that same day, the Clerk entered the requested default.  ECF No. 6

10.     Plaintiff filed the present motion on February 7, 2022.  ECF No. 7.

## LEGAL STANDARD

11.     Federal Rule of Civil Procedure 55 governs the entry of default judgment.  Fed. R. Civ. P. 55(b)(2).  To obtain a default judgment, the clerk of the court must first enter default, which is appropriate when the defendant has failed to file an answer or otherwise respond to the complaint.  Fed. R. Civ. P. 55(a); *see Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18-19 (3d Cir. 1985).  Once that procedural hurdle has been satisfied, it is within the sound discretion of the district court whether to grant a motion for default judgment.  *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) ("the entry of a default judgment is left primarily to the discretion of the district court.").  In exercising its discretion, the district court must evaluate three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense,

---

[1] The Court construes Counts II-IV as being pled in the alternative to the breach of contract claim, since they seek the same monetary relief.  Because the Court, *infra*, finds that Plaintiff properly established its breach of contract claim, the Court need not consider Counts II-IV.  Likewise, because the monetary relief Plaintiff seeks in Counts V and VI is merely a portion of the judgment that Plaintiff seeks as to its breach of contract claim, the Court also does not consider these claims.

and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164; *see Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009).

12.     In ruling on a motion for default judgment, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008); *see also DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005) (stating that "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment").

### DISCUSSION

13.     First, the preliminary requirements for entry of default judgment are met.  The Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000.   Plaintiff's principal place of business is in New York, and Defendant is a New Jersey resident.   In addition, Defendant was properly served in accordance with the Federal Rules of Civil Procedure.  ECF No. 5.  Defendant has not answered the Complaint and default has been entered against her.

14.     Next, the Court must determine whether Plaintiff's Complaint states a claim against Defendant.  In so doing, Plaintiff must establish that "the essential elements of the pleaded claims are present and state factual allegations in support of these elements." *Animal Science Prods., Inc.*, 596 F. Supp. 2d 842, 848-49.  In conducting this inquiry, the Court accepts as true a plaintiff's

well-pleaded factual allegations while disregarding its mere legal conclusions.  *See Directv, Inc. v. Asher,* No. 03-1969, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006).

15.     Here, Plaintiff has properly stated a claim for breach of contract.  To state a claim for breach of contract, the plaintiff must allege that there is: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).  First, on January 11, 2021, Plaintiff signed and entered into a binding and enforceable contract with Defendant to conduct a breast reduction surgery.  Compl. ¶¶ 9–12, 27, Ex. A.  The terms of the contract, as stated in the Legal Assignment of Benefits & designation of Authorized Representation, clearly describe Defendant's financial responsibility for all charges resulting from her surgery, reading, in part: "I understand that I am financially responsible for all charges regardless of any applicable insurance or benefit payments." *Id.*  Second, Plaintiff fulfilled its contractual obligations by conducting the breast reduction surgery on January 11, 2021.  Compl. ¶ 8.  Plaintiff provided an invoice to Defendant, charging her $75,000.00 for each of the two procedures as outlined in the Procedures Fee schedule, resulting in a total balance due of $150,000.00.  *Id.* ¶ 13, Ex. B*; see also* ECF No. 7-1, Plaintiff's Brief in Support of Motion for Default Judgment ("Pl. Br."), Ex. B.  Defendant breached her contract with Plaintiff when she failed to remit payment for the outstanding balance due from the surgical procedures, despite Plaintiff's multiple attempts to collect the funds in question.  *Id.* ¶¶ 22–25.  For these reasons, Plaintiff has properly established a breach of contract claim against Defendant.

## **DISCRETIONARY FACTORS**

16.     Furthermore, I find that the discretionary factors also weigh in favor of granting default judgment against Defendant.  *See Chamberlain*, 210 F.3d at 164.  To determine whether

granting default judgment is proper, the Court must evaluate "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Id.*

17.    The first factor weighs in favor of entering default.  Given that Defendant has failed to respond to Plaintiff's repeated attempts to collect on its balance owed, including through a collection's agency, it is clear that Plaintiff will be left without recourse, and thus, prejudiced, if default judgment is denied.

18.    Next, Defendant does not have any meritorious defenses.  Defendant has not raised a defense and the pleadings do not indicate the existence of an available defense.  *See Jackson Hewitt, Inc. v. Dupree-Roberts*, No. 13-00388, 2013 WL 4039021, at *6 (D.N.J. Aug. 7, 2013) ("Defendant has been unresponsive in this action.  Defendant has offered no defense, and the facts asserted in the Complaint do not contain any information that could provide the basis for a meritorious defense.  The Court assumes that Defendant has no litigable defenses available.").

19.    Finally, the remaining factor regarding Defendant's culpability weighs in favor of granting default judgment, as Defendant is "presumed culpable where [she has] failed to answer, move, or otherwise respond."  *Slover v. Live Universe, Inc.*, No. 08-02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009); *Stonebridge Bank v. Nita Properties, LLC*, No. 09-5145, 2011 WL 380759, at *6 (D.N.J. Jan. 31, 2011).

## DAMAGES

20.    With respect to damages, the allegations in Plaintiff's Complaint are not treated as true upon entry of a default judgment.  *Bds. of Trs. of Operating Eng'rs Local 825 Welfare Fund v. Robert Silaey Landscaping, Inc.,* No. 06-1795, 2006 WL 3308578, at *3 (D.N.J. Nov. 13, 2006). A court may conduct hearings to determine the amount of damages or may decline to hold such

hearings, "particularly where the amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* at *3-4 (internal quotations omitted).

21.     In this case, the amount is ascertainable, and thus, sum certain. *See* Fed. R. Civ. P. 55(b).  Here, Plaintiff requests damages in the amount of $150,000.00.[2] *See* Pl. Br. at 14; Proposed Final Judgment ¶ 1.

22.     In support, Plaintiff provides an invoice dated March 25, 2021, which states that Plaintiff conducted the bilateral breast reduction surgery on January 20, 2021, and for which Defendant owes $150,000.00.  Compl. Ex. B.  Plaintiff also provides Rowe's procedure fees schedule, which lists breast reduction surgery at "75,000 per side."  Pl. Br., Ex. B. Despite Defendant's obligations to pay, Defendant has made no payment to Plaintiff.  Pierce Decl. ¶ 17. As such, the damages here are sum certain.

Accordingly, for the reasons set forth herein and for good cause shown,

        **IT IS** ordered on this 15th day of July, 2022,

        **ORDERED** that Plaintiff's motion for default judgment is **GRANTED**; and it is further

---

[2] Although Plaintiff's Complaint seeks punitive damages, post-judgment interest, and attorneys' fees and costs, in its brief, Plaintiff's expressly limits its requested recovery to $150,000.  *See* Pl. Br. at 14 ("Accordingly, Plaintiff is entitled to $150,000 in fee reimbursement (plus punitive damages and attorneys' fees and costs, which solely for purposes of this motion is not being sought herein).").  However, Plaintiff's Proposed Final Judgment requests post-judgment interest at a rate of 1.5% per month, as well as that Plaintiff be permitted to apply for attorneys' fees and costs related to post-judgment collection efforts.  ECF No. 7-12, Proposed Final Judgment ¶¶ 2-3.  With respect to post-judgment interest, although Plaintiff references it in its Proposed Final Judgment, Plaintiff fails to mention such interest in their brief or cite to any cases supporting an award of post-judgment interest.  As such, the Court will not consider whether to award post-judgment interest here.  Regarding attorneys' fees, while Plaintiff may petition for such fees and costs, when it does so, it must articulate the basis for such a request, as it appears from examining Plaintiff's Assignment of Benefits, as well as other related documents, that there is no contractual provision for attorneys' fees to be collected in the event of non-payment, and ensuing collection efforts.

**ORDERED** that a judgment is entered against Defendant Denise Siriboe in the amount of $150,000.00; and

**ORDERED** that the Clerk of the Court is directed to mark this matter as closed on the Court's docket.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge